IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRIS BRANDSTETTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3223 |
| | ) | |
| v. | ) | |
| | ) | |
| MENU FOODS, Inc., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

  The plaintiff, a Nebraska citizen, has filed a pro se complaint against Menu Foods, Inc., a Kansas Corporation. The plaintiff claims he purchased dog food manufactured by the defendant and fed it to his Long-Haired Miniature Dachshund. Liberally construing the plaintiff's complaint, the plaintiff alleges that dog food was defective and, as a result of eating the dog food, the plaintiff's "beloved pet of 18 years died." The death occurred in Nebraska. The plaintiff seeks $1,543.21 for veterinary expenses and the replacement cost for his deceased pet.

  The plaintiff alleges this court has subject matter jurisdiction on the basis of diversity. Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803). Lack of subject matter jurisdiction may be raised at any time by the court on its own initiative. Fed. R. Civ. P. 12(b)(1) and 12(h)(3); Clark v. Paul Gray, Inc., 306 U.S. 583 (1939). The burden rests on the plaintiff to establish affirmatively that this court possesses subject matter jurisdiction over his complaint. See e.g., Thomson v. Gaiskill, 315 U.S. 442 (1942).

Pursuant to 28 U.S.C.A. § 1332, a federal district court shall have original jurisdiction over civil actions between citizens of different states provided the matter in controversy exceeds the sum or value of $75,000. In diversity litigation, the value of the "matter in controversy" is measured not by the value of the principle involved, but by its "pecuniary consequence to those involved in the litigation." Thomson, 315 U.S. at 447.

The plaintiff's complaint does not allege an amount in controversy exceeding $75,000, nor is it reasonable to believe that the total of the veterinary bills alleged plus the value of the plaintiff's deceased pet, considered personal property under Nebraska law, (see Fackler v. Genetzky, 257 Neb. 130, 140, 595 N.W.2d 884, 892 (Neb. 1999)), could exceed $75,000. Although the plaintiff likely experienced an emotional loss due to the death of his dog, that loss is not compensable under Nebraska law.

> This court has clearly held that animals are personal property and that emotional damages cannot be had for the negligent destruction of personal property. People may develop an emotional attachment to personal property, whether animals or inanimate objects with sentimental value, but the law does not recognize a right to money damages for emotional distress resulting from the negligent destruction of such property.

Fackler, 257 Neb. at 140.

The plaintiff has not alleged and the allegations of his complaint do not support any claim that the amount in controversy in this case exceeds $75,000. This case must be dismissed for lack of subject matter jurisdiction.

DATED this 10th day of October, 2007.

BY THE COURT:
s/ Warren K. Urbom
United States Senior District Judge